# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AMBER HOTEL CORP., <br><br> Reorganized Debtor, <br>———————————————— <br> AMBER HOTEL CORP., et al., <br><br> Appellants, <br><br> v. <br><br> JAMES J. LITTLE, <br><br> Appellee. | Case No. CV 17-2570 FMO <br> CV 17-3082 FMO <br><br> **ORDER RE: BANKRUPTCY APPEALS** |

Having reviewed and considered all the briefing filed with respect to Amber Hotel Corporation ("Amber") and Post Financial Management Corporation's ("PFMC") (collectively "appellants") bankruptcy appeals, (In re Amber Hotel Corp., Case No. CV 17-2570 FMO ("Appeal I"); In re Amber Hotel Corp., Case No. CV 17-3082 FMO ("Appeal II")), the court concludes that oral argument is not necessary to resolve the appeals. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

# BACKGROUND[1]

In July 2010, James J. Little ("Little") obtained a judgment against Amber in the amount of $882,991.74. (See Opinion at 1). In September 2010, Little perfected his lien securing the judgment against Amber. (See id.).

On or about September 20, 2010, Stephen Post ("Post"), Amber's principal, sole real estate broker and, along with his wife, sole shareholder, (see Dkt. 11-2, Appeal II, Excerpts of Record ("ER") 297, Declaration of Stephen K. Post), incorporated PFMC as a new corporate entity. (See Opinion at 1-2). Once PFMC was formed, Post caused all income earned from the receivership of hotel properties to be deposited into PFMC's newly created bank accounts, while Amber continued to shoulder the administrative cost of the receivership activities that produced income. (See id. at 2).

On March 17, 2013, Amber filed for Chapter 11 bankruptcy. (See In re Amber Hotel Corp., Case No. BK 13-11804 (MB) ("Bankruptcy Action"), Dkt. 1, Voluntary Petition, Chapter 11 ("Petition")). In its Petition, Amber listed its schedule of assets, liabilities, executory contracts, and income. (See Dkt. 1, Bankruptcy Action, Petition). Amber's List of Creditors Holding 20 Largest Unsecured Claims identified Post as its largest unsecured creditor. (See id. at ECF p. 8). Amber's List of Creditors Holding Secured Claims also identified Post as a secured creditor. (See id. at ECF p. 29).

Amber's Petition did not list or otherwise identify PFMC. (See, generally, Dkt. 1, Bankruptcy Action, Petition). Amber amended its schedules in June 2013, but did not add PFMC in any capacity, i.e., as an asset, liability, executory contract, or income. (See Dkt. 103, Bankruptcy Action, Amended Schedule(s) and/or Statement(s)).

On October 28, 2013, Amber filed its amended plan for reorganization. (See Dkt. 171, Bankruptcy Action, Amended Disclosure Statement and Amended Plan of Reorganization for

---

[1] The court will set forth only the facts and procedural background necessary to resolve these appeals. The court incorporates the statement of facts set forth in its Order of February 9, 2016, in In re Amber Hotel Corp., Case No. CV 15-0134 FMO (Dkt. 19, Court's Order of February 9, 2016, ("Opinion") at 1-4). Also, the court notes that its Order of February 9, 2016, incorrectly states 2015 as the year the Order was issued. However, the Order was issued in 2016.

1 Amber Hotel Corporation ("Amended Plan")). The Amended Plan did not list or otherwise identify PFMC. (See, generally, id.). PFMC was also not identified as a party to an executory contract, nor was it identified as an asset or a contingent claim. (See, generally, id.).

On December 26, 2013, the bankruptcy court entered an order confirming the Amended Plan. (See Dkt. 257, Bankruptcy Action, Order Confirming Debtor's Amended Plan of Reorganization).

On June 27, 2014, Little filed a complaint against Post and PFMC in the California state court. (See Dkt. 9-2, Appeal I, ER328-51, Complaint; Dkt. 11-2, Appeal II, ER328-51, Complaint). That action was subsequently removed to the bankruptcy court. (See Dkt. 9-2, Appeal I, ER326-27, Notice of Removal of Action to United States Bankruptcy Court ("Notice of Removal"); Dkt. 11-2, Appeal II, ER326-27, Notice of Removal). The bankruptcy court dismissed the complaint, granted Amber's motion to intervene, and denied Little's motion to remand as moot. (See Opinion at 1). The decision was appealed to this court, which affirmed in part and reversed in part. The court reversed the bankruptcy's courts dismissal with respect to the ninth, tenth and eleventh causes of action. (See id. at 11). The court remanded the action to the bankruptcy court to consider whether those causes of action should be remanded to the state court. (See id.).

Following the court's remand, Amber and PFMC entered into a settlement agreement to resolve Little's ninth, tenth, and eleventh causes of action. Under the settlement, PFMC agreed to pay $12,600 to Amber to be distributed to Amber's creditors through the Amended Plan. (See Dkt. 11-2, Appeal II, ER277-293, Reorganized Debtor's Motion to Approve Compromise). Amber filed a motion to approve the compromise, which the bankruptcy court denied. (See Dkt. 11-1, Appeal II, ER007-09). The bankruptcy court concluded that it did not have jurisdiction over the ninth, tenth, and eleventh causes of action, and therefore remanded those causes of action to the state court. (See Dkt. 9-1, Appeal I, ER017 & 022).

Amber and PFMC timely appealed the bankruptcy court's orders remanding the ninth, tenth, and eleventh causes of action to state court and denying Amber's motion to approve compromise. (See Dkt. 9-1, Appeal I, ER001-04, Notice of Appeal); Dkt. 11-1, Appeal II, ER005-09, Notice of Appeal).

3

**STANDARD OF REVIEW**

When reviewing a bankruptcy court's decision, "a district court functions as [an] appellate court and applies the standard of review generally applied in federal court appeals." In re Crystal Props., Ltd., 268 F.3d 743, 755 (9th Cir. 2001) (modification in original). "A district court reviews a bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code de novo." In re Orange Cnty. Nursery, Inc., 439 B.R. 144, 148 (C.D. Cal. 2010). Questions of subject matter jurisdiction are reviewed de novo. See In re Pegasus Gold Corp., 394 F.3d 1189, 1193 (9th Cir. 2005). Factual findings are reviewed for clear error, and the court "must accept the bankruptcy court's findings of fact unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." In re Greene, 583 F.3d 614, 618 (9th Cir. 2009); see In re Retz, 606 F.3d 1189, 1196 (9th Cir. 2010) ("A court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record."); In re Koebel, 2016 WL 354865, *3 (C.D. Cal. 2016). A district court reviews a bankruptcy court's denial of a compromise under the "abuse of discretion" standard. See In re Weston, 110 B.R. 452, 455 (E.D. Cal. 1989), aff'd, 967 F.2d 596 (9th Cir. 1992).

The district court may affirm a bankruptcy court's order "on any ground supported by the record, even if it differs from the ground relied upon by the bankruptcy court." Thrifty Oil Co. v. Bank of Am. Nat. Trust and Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003). However, "[a]n appeal is moot if it is impossible to fashion effective relief[.]" In re Gotcha Int'l L.P., 311 B.R. 250, 253 (B.A.P. 9th Cir. 2004) (citations omitted).

**DISCUSSION**

I.  SUBJECT MATTER JURISDICTION.

A bankruptcy court has jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The Ninth Circuit has adopted the test set forth in in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) for determining the scope of "related to" jurisdiction. See In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988). Under the "Pacor test," the court evaluates whether

> the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

In re Fietz, 852 F.2d at 457 (quoting Pacor, 743 F.2d at 994) (emphasis in original).

However, "the Pacor formulation may be somewhat overbroad in the post-confirmation context[.]" In re Pegasus Gold Corp., 394 F.3d at 1194. In the "post-confirmation context," the court applies the "close nexus" test in evaluating "related to" jurisdiction. Id. Under that test, "matters affecting the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." Id. (internal quotation marks omitted). "The Pegasus Gold close nexus test requires particularized consideration of the facts and posture of each case, as the test contemplates a broad set of sufficient conditions and retains a certain flexibility." In re Wilshire Courtyard, 729 F.3d 1279, 1289 (9th Cir. 2013) (internal quotation marks omitted).

With regards to the ninth, tenth, and eleventh causes of action, the court previously found that

> [t]he remaining causes of action by [Little] against PFMC will not affect the "interpretation, implementation, consummation, execution, or administration" of the Amended Plan. See In re Pegasus Gold Corp., 394 F.3d at 1194. This is because the Amended Plan clearly provides that class B5 and C creditors would receive distributions from, among other things, "the amount of any net recoveries from Avoidance Actions, if any[.]" Amber has not filed any avoidance action against PFMC, which, "if any" were filed, would benefit class B5 and C creditors. Little, as a class B5 and C creditor, may recover

on his claims against PFMC, which would not disturb the terms of the Amended Plan.

(Opinion at 11) (citation omitted).

Amber and PFMC[2] contend that because the settlement funds will be distributed to Amber's creditors, the settlement will necessarily "affect" the Amended Plan, and thus there is post-confirmation jurisdiction. (See Dkt. 9, Appeal I, Appellants' Opening Brief at 19; Dkt. 12, Appeal I, Appellants' Reply Brief at 5). However, as the court previously determined, because Amber failed to disclose the causes of action in its schedules, disclosure statement, plan, or Amended Plan, Amber is precluded from asserting them now, post-confirmation.[3] (See Opinion at 8-10); In re Kelley, 199 B.R. 698, 704 (B.A.P. 9th Cir. 1996); Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992) ("Failure to give the required notice estops [the debtor.]"). Like the court in In re Pegasus, the court is "not persuaded by [Amber and PFMC's] argument that jurisdiction lies because the action could conceivably increase the recovery to the creditors. . . . [S]uch a rationale could endlessly stretch a bankruptcy court's jurisdiction." 394 F.3d at 1194, n. 1.

Amber and PFMC's reliance on In re JZ L.L.C., 371 B.R. 412 (B.A.P. 9th Cir. 2007), for the proposition that estoppel may not apply where the debtor is pursuing the claim for the benefit of the estate, (see Dkt. 9, Appeal I, Appellants' Opening Brief at 25-29; Dkt. 12, Appeal I, Appellants' Reply at 11-15), is unpersuasive. The In re JZ court recognized that judicial estoppel is a "flexible equitable doctrine[.]" 371 B.R. at 420. As such, each situation must be "evaluated on its own facts, with remedies fashioned in a way that does not punish innocent bystanders." Id. at 421.

---

[2] PFMC is a non-debtor third party. See In re Master Mort. Inv. Fund, Inc., 168 B.R. 930, 934-35 (W.D. Mo. 1994) (discussing bankruptcy court's power over non-debtor third parties); (see, generally, Dkt. 171, Bankruptcy Action, Amended Plan).

[3] The court previously rejected Amber and PFMC's contention that a post-confirmation estate exists under 11 U.S.C. § 1123(b)(3). (See Opinion at 8-10) ("Post's and PFMC's assertion that the reservation of rights in the Amended Plan was 'sufficient' for purposes of 11 U.S.C. § 1123(b)(3), is unpersuasive.") (internal citation omitted).

Here, Amber failed to disclose the subject causes of action pre-confirmation, (see Opinion at 9), and Little is prosecuting the causes of action on his own behalf. Under these circumstances, there appears to be no danger of punishing innocent creditors or an otherwise inequitable outcome. See In re JZ, 371 B.R. at 421 (recognizing that concern of punishing innocent creditors for the debtors' omission is alleviated where creditors are authorized to prosecute the undisclosed action). In short, the court is persuaded that the bankruptcy court did not err in concluding that it did not have post-confirmation jurisdiction and, therefore, Amber could not pursue the subject causes of action.

II. MOTION TO APPROVE COMPROMISE.

Having found that the bankruptcy court did not have post-confirmation jurisdiction, the bankruptcy court arguably did not need to rule on the motion to approve compromise. Assuming, however, that the bankruptcy court did have jurisdiction, the court finds, in the alternative, that the bankruptcy court did not abuse its discretion when it denied Amber and PFMC's motion to approve compromise.

As an initial matter, there appears to be a serious question whether Amber has standing to compromise the claims. See Fed. R. Bankr. P. 9019(a) (requiring a motion by a "trustee" for a court to approve a compromise or settlement). Assuming Amber qualified as a trustee or debtor in possession within the meaning of Rule 9019(a), the bankruptcy court did not abuse its discretion in denying Amber's motion to compromise. See In re Weston, 110 B.R. at 455.

To approve a compromise agreement, the bankruptcy court must find that the compromise is "fair and equitable." See In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir.), cert. denied, 479 U.S. 854 (1986) (setting out a test addressing the following four factors to assess the adequacy of a proposed settlement agreement: "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."). An even more basic requirement for approval is good faith. See id. ("It is clear that there must be more than a mere good faith negotiation of a settlement by the trustee in order for

the bankruptcy court to affirm a compromise agreement."). The bankruptcy court has "great latitude" in ruling on compromise agreements. See In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988).

Amber and PFMC argue that the bankruptcy court did not apply the factors set forth in In re A&C Properties, and the record does not support the bankruptcy court's finding. (See Dkt. 11, Appeal II, Appellants' Opening Brief at 23-25). The court is not persuaded.

In denying Amber and PFMC's motion to approve compromise, the bankruptcy court found that: (1) Amber through Post is "essentially settling with himself" as PFMC's principal; and (2) "the debtor failed to pursue this cause of action and settlement preconfirmation" and "failed even to disclose its existence[.]"[4] (See Dkt. 11-1, Appeal II, ER018). The bankruptcy court held that it was "not able to conclude under the *A&C Properties* test . . . that this settlement was negotiated in good faith." (See id.); see In re A&C Properties, 784 F.2d at 1381. Having reviewed the record, the court finds that the bankruptcy court did not abuse its discretion when it denied Amber and PFMC's motion to approve compromise. See In re Weston, 110 B.R. at 455.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT the bankruptcy court's decisions in Case Nos. CV 17-2570 FMO and CV 17-3082 FMO are **affirmed**. Judgment shall be entered accordingly.

Dated this 30th day of October, 2017.

                                                _____/s/_____
                                                      Fernando M. Olguin
                                                 United States District Judge

---

[4] The court previously found that Amber did not disclose PFMC or the subject causes of action against PFMC in its Petition, Initial Plan, or Amended Plan. (See Opinion at 2).